NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM TRAMONTANA, | : | Civil No. 03-3296 (SRC) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    WILLIAM TRAMONTANA, #327631B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner pro se

    H. JOHN WITMAN III, Deputy Attorney General
    ATTORNEY GENERAL OF NEW JERSEY
    Division of Criminal Justice - Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**CHESLER**, District Judge

    William Tramontana filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  Respondents filed an Answer, arguing that the Petition should be dismissed on the merits.  Petitioner filed a Traverse.  For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on September 25, 1997, in the Superior Court of New Jersey, Law Division, Mercer County, after a jury convicted him of first degree murder, felony murder, first degree robbery, third degree possession of a weapon for an unlawful purpose, and fourth degree unlawful possession of a weapon.  The Law Division merged the murder and felony murder convictions and sentenced Petitioner to a life sentence, with a 30-year period of parole ineligibility on the murder conviction, and a consecutive 20-year term, with a 10-year period of parole ineligibility, on the robbery conviction.  Petitioner appealed, arguing that the trial court's failure to instruct the jury on intoxication was error and that the court improperly imposed a consecutive sentence.  In an opinion filed October 13, 1999, the Appellate Division of the Superior Court of New Jersey affirmed the convictions, vacated the sentence, and remanded for resentencing.  On November 15, 1999, the Law Division resentenced Petitioner.  The Law Division imposed the same sentence but ran the 20-year term concurrently with the life sentence.  On January 28, 2000, the Supreme Court of New Jersey denied certification.  State v. Tramontana, 163 N.J. 12 (2000) (table).

Petitioner thereafter filed a petition for post conviction relief in the Law Division. Petitioner claimed ineffective assistance of counsel and an unjust sentence.  The Law Division conducted an evidentiary hearing on the ineffective assistance claim and denied relief in an order filed November 27, 2000.  Petitioner appealed on the ground that the trial court erred in concluding that counsel was effective under the Sixth and Fourteenth Amendments.  In an opinion filed October 3, 2002, the Appellate Division affirmed the order denying post conviction

relief.  The New Jersey Supreme Court denied certification on March 28, 2003.  State v. Tramontana, 176 N.J. 73 (2003) (table).

Petitioner executed the Petition which is now before the Court on July 9, 2003.  The Clerk received it on July 11, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition presents two grounds:  (1)  the failure to instruct the jury on intoxication violated Petitioner's Sixth and Fourteenth Amendment rights, and (2) trial counsel provided constitutionally ineffective assistance in violation of the Sixth and Fourteenth Amendments.  The State filed an Answer asserting no affirmative defenses and seeking dismissal of the Petition on the merits.  Petitioner filed a Traverse.

## II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87,

90 (3d Cir. 1996).  Where a federal claim was "adjudicated on the merits" [1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  Id. at 409-10.

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)).  A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  Rompilla, 355 F.3d at 247.

A court begins the analysis by determining the relevant clearly established law.  See

Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004).  Clearly established law

"refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

of the relevant state-court decision."  Williams, 529 U.S. at 412.  A court must look for "the

governing legal principle or principles set forth by the Supreme Court at the time the state court

renders its decision."  Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III.  DISCUSSION

A.  Instructions

In Ground One, Petitioner asserts that the trial court violated his constitutional rights by refusing to instruct the jury on the intoxication defense.  Specifically, Petitioner asserts:

> Ground One:  Defendant's Sixth Amendment Right To A Fair
> Trial And Fourteenth Amendment Right To Due process Of Law
> Was Violated When The Trial Court Refused To Instruct The Jury
> On Intoxication..

(Pet. Addendum II, Ground I.)  The government argues that New Jersey law did not permit the trial judge to give an intoxication charge or a manslaughter charge because the trial court properly found that there was no rational basis for the jury to find that Petitioner's faculties were so prostrated that he was incapable of forming an intent to commit first degree murder.

The federal Constitution does not require a jury to consider voluntary intoxication in determining whether the defendant purposely and knowingly caused the death of a person, see Montana v. Egelhoff, 518 U.S. 37 (1996); Goodwin v. Johnson, 132 F.3d 162, 191 (5th Cir. 1997), and the issue of whether the evidence is sufficient to support an intoxication instruction is

a question of state law, see Carpenter v. Vaughn, 296 F.3d 138, 152-53 (3d Cir. 2002); cf. Egelhoff, 518 U.S. 37.[2]  Accordingly, Petitioner is not entitled to habeas relief on Ground One.

B.  Ineffective Assistance of Counsel

In Ground Two, Petitioner argues that counsel was constitutionally ineffective in failing to adequately investigate and prepare a defense, and failing to call an expert witness to testify regarding the absence of physical evidence on Petitioner's clothing.  Specifically, he asserts:

> Ground Two:  Defendant Was Denied His Sixth Amendment Right to Effective Assistance of Counsel [in that] Counsel Failed to Investigate and Prepare an Adequate Defense[;] Counsel Failed to Investigate Potentially Exculpatory Statements Defendant May Have Made to Other Patrons at the Bar[; and] Counsel Failed to Call an Expert Witness to Review the Clothing Defendant Was Wearing to Confirm the Absence of Any Physical Evidence.

(Pet. Addendum II, Ground II.)

The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).  A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  Id. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Id. at 687-88.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  The court must then determine whether, in light

---

[2] See also Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause"); Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) ("it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim") (citations and internal quotation marks omitted).

of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  Id.  Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In this case, Petitioner raised his ineffective assistance of counsel claims on post conviction review.  After conducting an evidentiary hearing, the trial judge found that counsel was not ineffective.  On appeal, the Appellate Division rejected the claim as follows:

> At a hearing held before Judge Leahy, defendant and his former trial attorney both testified.  What was evident to Judge Leahy, and is evident to us, is that defendant's contentions are without merit.  He was represented at trial by an attorney with over twenty-five years experience in criminal defense work who had tried "dozens" of murder cases.  Trial counsel explained his strategy in representing defendant and spoke directly to the claims of ineffectiveness.  In each instance, counsel's approach was a reasonable tactical decision.  That the strategy failed is not the test.  We note that the State's case against defendant was strong, in large part due to defendant's confession which had been ruled admissible.
>
>  It is well-settled that in order to prevail on a claim of ineffective assistance of counsel a defendant must demonstrate not only that his counsel's performance was significantly defective, but also that the defective performance prejudiced defendant's right to a fair disposition of the charges . . . .  Obviously, a reasonable tactical decision belies remediable ineffectiveness . . . .
>
>  Our review of the record satisfies us that defendant failed to demonstrate either prong of the Strickland-Fritz test.  We affirm the denial of post-conviction relief substantially for the reasons set forth by Judge Leahy in his oral decision.  Defendant's contentions are sufficiently without merit that a full written opinion is unnecessary.

State v. Tramontana, No. A-2340-00T4 slip op. at 2-3 (App. Div. Oct. 3, 2002).

Petitioner is not entitled to habeas relief on Ground Two because the adjudication of the ineffective assistance of counsel claim by the New Jersey courts did not result in a decision that was contrary to, or involved an unreasonable application of, <u>Strickland</u> and its progeny.

## C.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


                                           s/                       
                              STANLEY R. CHESLER, U.S.D.J.


DATED:   November 1, 2005